27 C.C.P.A. (Patents)

### In re BROOKS.

### Patent Appeal No. 4271.

Court of Customs and Patent Appeals.
April 1, 1940.

Wallace R. Lane, of Chicago, Ill. (William S. Hodges, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for want of patentability over the cited prior art, appellant's application for a design patent. The rejected claim reads as follows: "The ornamental design for a cleaning, scouring and polishing pad substantially as shown."

The references cited are:

Ross, Des. 36,287, April 14, 1903.
Montgomery et al., 1,192,219, July 25, 1916.
Ebert et al., 2,012,500, August 27, 1935.

The scouring pad disclosed in the drawing of the application is of oval shape and has a flaky surface having no marginal or surface ornamentation. It is relatively thick at the center and tapers gradually toward its edges.

The patent to Ross discloses an oval cake of soap having marginal scrolls.

The patent to Montgomery et al. shows a plurality of fibers made into a smoothing pad somewhat oval in shape. This is not a design patent.

The patent to Ebert et al. is a mechanical patent and relates to a manipulator for scouring pads, but discloses a scouring pad circular in shape. Appellant claims that the showing of the pad was accidental and is for that reason not a proper reference. In this, however, appellant is mistaken for the pad is not only shown in the drawing but is described in the written specification.

The decision of the Board of Appeals is very short and reads as follows:

"The question involved in this appeal is whether it would be obvious to change the design of the circular cleaning pad shown in Ebert et al. to the generally oval shape shown in Ross.

"We have carefully considered appellant's argument. We believe, however, particularly as the Ebert et al. and Ross patents both disclose articles intended for cleaning purposes, that any one familiar with both forms would receive the suggestion of modifying one in view of the

other. It is our opinion, therefore, that appellant's change is devoid of invention.

"The decision of the examiner is affirmed."

We are in full accord with the views expressed by the Board of Appeals. A design, to be patentable, must involve the inventive faculty. We are of the opinion that the selection of the form of pad disclosed by appellant involved only the exercise of ordinary skill in view of the Ebert and Ross patents. Appellant contends that the Ross patent relates to a non-analogous art. That patent, however, like the application before us, relates to articles intended for cleaning purposes and clearly is a proper reference.

Since we are in agreement with the views expressed by the Board of Appeals, its decision is affirmed.

Affirmed.

GARRETT, Presiding Judge (specially concurring).

I have doubt with respect to the pertinency of the Ross patent as a reference, but none with respect to the correctness of the conclusion reached.